IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

NO.  2:26-CR-058-Z

BRANDON CRUZ PERALES

## FACTUAL RESUME

In support of Brandon Cruz Perales's plea of guilty to the offense in Count One of the indictment, Perales, the defendant, Bethany Stephens, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), that is, Possession with Intent to Distribute 50 Grams or More of Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*     That the defendant knowingly possessed a controlled substance;

*Second.*     That the substance was in fact methamphetamine;

*Third.*     That the defendant possessed the substance with the intent to distribute it; and

*Fourth.*     That the quantity of the substance was at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024) (Modified to incorporate distribution of a controlled substance. *See United States v. Ambriz*, 727 F.3d 378, 382-84 (5th Cir. 2013)).

**Brandon Cruz Perales**
**Factual Resume—Page 1**

any financial interest in the transaction.

## STIPULATED FACTS

1. Brandon Cruz Perales admits and agrees that on May 31, 2026, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly or intentionally possess with intent to distribute 50 grams or more, but less than 500 grams, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

2. On May 31, 2026, Amarillo Police Department (APD) officers observed Brandon Cruz Perales driving a vehicle in Amarillo, Texas. Officers knew that Perales had an outstanding warrant for his arrest. When officers attempted to conduct a traffic stop of the vehicle, the vehicle fled and officers pursued. After a short pursuit, Perales's vehicle was disabled and came to a stop in the front yard of a residence. A short foot pursuit ensued and APD officers took Perales into custody.

3. Officers impounded Perales's vehicle with T-Miller Wrecker services. After the vehicle was towed, the staff at T-Miller opened the hood of the vehicle to disconnect the battery. A T-Miller staff member located a black backpack containing suspected narcotics hidden inside the engine compartment of the vehicle. The staff member notified police about the suspected narcotics. An APD officer responded to the T-Miller site and took custody of the black backpack. Inside the black backpack, officers located approximately 87 gross grams of methamphetamine and 13 gross grams of

cocaine. This amount of methamphetamine is only consistent with distribution, not personal use.

4.    On June 2, 2026, Drug Enforcement Administration Task Force Officer (DEA TFO) Thomas Newton conducted an interview with Perales at the Randall County Detention Center. TFO Newton read Perales his *Miranda* warnings. Perales waived his rights and agreed to make a statement. During the interview, Perales stated that on the day that officers attempted to pull him over, he panicked because he knew that he had a warrant and he fled from officers in his vehicle. Perales stated that after he crashed the car, he ran on foot to avoid apprehension. TFO Newton asked Perales about the black backpack that contained methamphetamine and cocaine. Perales stated that he thought that there was one ounce of methamphetamine in the backpack, but stated that it could be as much as two ounces. When asked about the cocaine, Perales stated that he only sells methamphetamine, and the cocaine was for personal use.

5.    Perales stated that after his release from prison, he started using drugs in March 2026 and only started to "hustle" in April 2026. Perales stated that he only purchased one ounce of methamphetamine at a time, which he would break down into smaller amounts for sale. Perales denied selling anything more than a quarter of an ounce of methamphetamine at one time. Perales stated that he would typically use half of the methamphetamine he had purchased and sell the other half to support his drug habit.

6.    The suspected methamphetamine was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact,

**Brandon Cruz Perales**
**Factual Resume—Page 3**

methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 82.4 grams and a purity level of approximately 96 percent.

7.     Perales admits that on May 31, 2026, he knowingly possessed with intent to distribute 50 grams or more, but less than 500 grams, of a controlled substance, namely, methamphetamine, a Schedule II controlled substance.

8.     The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 31st day of _____July_____, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
Brandon Cruz Perales
Defendant

_____
Bethany Stephens
Attorney for Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

**Brandon Cruz Perales**
**Factual Resume—Page 4**